IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

JOHN HOLLIS, individually and
on behalf of all others similarly situated,

       *Plaintiff*,

v.

WALGREENS BOOTS ALLIANCE,
INC. and WALGREEN COMPANY,

       *Defendants.*

_____/

CASE NO.:

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, John Hollis ("**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendants, Walgreens Boots Alliance, Inc. and Walgreen Company (collectively, "**Defendants**" or "**Walgreens**"), and states as follows:

## NATURE OF THE ACTION

1.     This action involves Defendants' uniform deceptive sales practices with respect to certain herbal supplements they sell to consumers throughout the United States.  Walgreens is a pharmacy and drug retail chain with more than 8,000 locations across the country.  At each of its stores, Walgreens offers for sale a variety of herbal supplements under its own private label, "Finest Nutrition," including, but not limited to, Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea (collectively, "**Herbal Supplements**").  "Finest Nutrition" brand products are exclusively sold at Walgreens stores.  As alleged herein, Defendants' labeling, marketing and sale of these Herbal Supplements is deceptive and misleading to consumers.  Upon information and belief, the Herbal Supplements are uniformly mislabeled because each lacks the integral

ingredient listed on the product label. Instead, each contains contaminants, substitutes and fillers that are not identified on the product label.

2.      The contamination, substitution, and false labeling of the Herbal Supplements constitute a deceptive business practice.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, John Hollis, is a resident of Sellersburg, Clark County, Indiana.

4.      Defendant Walgreens Boots Alliance, Inc. is incorporated in Delaware with its principal place of business in Deerfield, Cook and Lake Counties, Illinois.

5.      Defendant Walgreen Company is incorporated in Illinois with its principal place of business in Deerfield, Cook and Lake Counties, Illinois.  It is a wholly-owned subsidiary of Defendant Walgreens Boots Alliance, Inc.

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which Class Members are citizens of a state different from Defendants.

## GENERAL ALLEGATIONS

7.      Walgreens conducts business throughout the United States and operates more than 8,000 stores in all 50 states.

8.      In addition to selling products manufactured by others, Defendants also market and sell hundreds of their own private-label products at their stores across the United States.

9.      The present complaint concerns "Finest Nutrition" branded Herbal Supplements, including Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea.

10.     "Finest Nutrition" is Defendants' store brand of Herbal Supplements, which is offered exclusively at Walgreens stores throughout the United States.

11.     Defendants represented on the labels of these Herbal Supplements that they contained Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea, respectively. Contrary to their labeling, tests have revealed that the above products do not contain these herbs. In particular, testing revealed that Defendants' "Ginkgo Biloba" contained no Ginkgo Biloba and instead contained oryza, commonly known as rice; Defendants' "St. John's Wort" contained no St. John's Wort and instead contained allium, oryza and dracaena (garlic, rice and tropical houseplant, respectively); Defendants' "Ginseng" contained no Ginseng and instead contained allium and oryza;  Defendants' "Garlic" contained no Garlic and instead contained palm, dracaena, wheat and oryza; and Defendants' "Echinacea" contained no Echinacea and instead contained allium and oryza.  These undisclosed contaminants, substitutes and fillers are known allergens and, as a result, it is imperative that their inclusion in the above-listed products be disclosed to consumers.

12.     While plants have been used for medicinal purposes for thousands of years, the use of herbal supplements has increased dramatically in the United States over the last several decades.  Indeed, herbal supplements are more popular today than ever before, and plants of all kinds are currently being studied for their health benefits.  It is widely accepted that herbal supplements can be effective treatments for a variety of conditions.  As a result, consumers who purchase such products reasonably expect that they will actually contain the herbs identified and listed as ingredients on the label.  In other words, reasonable consumers who purchased Defendants' "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea believed those products actually contain the herbs as labeled.

13.     In short, consumers who purchased Defendants' Herbal Supplements were duped. Instead of receiving "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng,

and Echinacea, consumers received worthless products that did not match the ingredients listed on their labels.

14.     On February 3, 2015, the New York Attorney General served Walgreens with a "Cease and Desist Notification," indicating that an investigation and testing conducted on behalf of the Attorney General's Office found that Walgreens' "Finest Nutrition" Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea did not contain these herbs, as listed on the product labels.  Rather, these products contained undisclosed substances or substances other than what was represented on their labels.  In the Notification, attached hereto as "Exhibit A," the New York Attorney General affirmed that only 18% of Defendants' products that were tested yielded DNA matching the product labels.  The Attorney General also indicated in the Notification that contamination, substitution and falsely labeled herbal products constituted deceptive business practices and presented considerable health risks for consumers.

15.     Plaintiff and Class Members did not know or have reason to know that Defendants' Herbal Supplements did not contain the herbal ingredients listed on their labels. Plaintiff and any other consumers acting reasonably in the same circumstances likely would be deceived and believe that the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea contained the listed ingredients.

16.     Plaintiff and Class Members relied upon the representations on Defendants' product labels to their detriment.  Plaintiff and Class Members acting reasonably in the same circumstances would not have purchased these products had they known they were not actually Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.  Plaintiff and the Class have been damaged by Defendants' deceptive and misleading labeling on these worthless products, and they are entitled to a refund of the purchase price of the products.

## PLAINTIFF'S PURCHASE OF DEFENDANTS' PRODUCTS

17.    Plaintiff is a "consumer" as meant within the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.*

18.    For at least the past four years, Plaintiff purchased "Finest Nutrition" branded Ginkgo Biloba (the "**Product**") from a Walgreens store located in Sellersburg, Indiana.  Most recently, Plaintiff purchased the Product in or around January 2015.

19.    Before purchasing the Product, Plaintiff reviewed the Product label, which expressly claimed that the Product contained Ginkgo Biloba.  When Plaintiff purchased the Product, he reasonably believed that it contained Ginkgo Biloba, and that the Product did not contain any additional undisclosed ingredients.

20.    Unbeknownst to Plaintiff and Class Members, the Ginkgo Biloba that Plaintiff and Class Members purchased did not include the ingredients identified on the label.  As described above, testing confirmed that Defendants' "Finest Nutrition" branded "Ginkgo Biloba" did not contain any Ginkgo Biloba and instead contained rice.

21.    Had Plaintiff known that the Product did not actually contain Ginkgo Biloba and that it contained undisclosed contaminants, substitutes, and fillers, he would not have purchased the Product.

22.    As a result of the foregoing, Plaintiff and Class Members have suffered damages.

## CLASS ACTION ALLEGATIONS

23.    Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons within the United States who, between February 10, 2012 and the present, purchased "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea from Walgreens Boots Alliance, Inc. and/or Walgreen Company.

The Class is subject to amendment as needed.

24.     Excluded from the Class and Sub-Class are Defendants, their employees, agents, and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel.

25.     Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress.

**Numerosity**

26.     At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, the thousands of Walgreens store locations throughout the United States, coupled with the popularity of the Herbal Supplements, affirms that Class Members likely number in the tens or hundreds of thousands, and are geographically dispersed throughout the country.

27.     The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

**Predominance of Common Questions of Law and Fact**

28.     This action involves common questions of law and fact, which predominate over any questions affecting only individual Class Members.  The common legal and factual questions include, but are not limited to, the following:

a.      whether the product labeled as "Finest Nutrition" brand Ginkgo Biloba actually contains Ginkgo Biloba;

b.      whether the product labeled as "Finest Nutrition" brand Ginkgo Biloba actually contains undisclosed contaminants, substitutes or fillers;

c.      whether the product labeled as "Finest Nutrition" brand St. John's Wort actually contains St. John's Wort;

d.      whether the product labeled as "Finest Nutrition" brand St. John's Wort actually contains undisclosed contaminants, substitutes or fillers;

e.      whether the product labeled as "Finest Nutrition" brand Ginseng actually contains Ginseng;

f.      whether the product labeled as "Finest Nutrition" brand Ginseng actually contains undisclosed contaminants, substitutes or fillers;

g.      whether the product labeled as "Finest Nutrition" brand Garlic actually contains Garlic;

h.      whether the product labeled as "Finest Nutrition" brand Garlic actually contains undisclosed contaminants, substitutes or fillers;

i.      whether the product labeled as "Finest Nutrition" brand Echinacea actually contains Echinacea;

j.      whether the product labeled as "Finest Nutrition" brand Echinacea actually contains undisclosed contaminants, substitutes or fillers;

k.      whether Defendants mislabeled the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea;

l.      whether Defendants' mislabeling of the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea constitutes a deceptive

trade practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.* (the "**Act**");

      m.     whether Defendants' mislabeling of the ""Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea constitutes a breach of express warranty;

      n.     whether Defendants' mislabeling of the ""Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea constitutes a breach of implied warranty of merchantability;

      o.     whether Defendants' mislabeling of the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea constitutes a breach of implied warranty of fitness for a particular purpose;

      p.     whether Defendants were unjustly enriched by Plaintiff and Class Members who purchased the mislabeled Herbal Supplements;

      q.     whether Plaintiff and Class Members have sustained damages as a result of the conduct alleged herein and, if so, what is the proper measure of such damages; and

      r.     whether Plaintiff and Class Members are entitled to injunctive or other equitable relief.

## Typicality

29.    Plaintiff's claims are typical of the claims of the Class Members, as Plaintiff and Class Members have been injured by Defendants' uniform misconduct – the mislabeling, marketing and selling of "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea that does not actually contain the named ingredients, but rather contains undisclosed contaminants and fillers that are not identified on the product labels.

30.     Plaintiff shares the aforementioned facts and legal claims and questions with all putative Class Members.  Further, a sufficient relationship exists between Defendants' uniform misconduct and the damages sustained by Plaintiff and putative Class Members.

## Adequacy

31.     Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving consumer labeling claims.  Plaintiff has no interest adverse or antagonistic to those of the Class.

## Superiority

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.    Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

        a.      The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

        b.      Absent a Class, the Class Members will continue to suffer damage and Defendants' illegal conduct will continue without remedy;

        c.      Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

        d.      Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the

9

delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e.     When the liability of Defendants has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f.     No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendants' uniform misconduct;

g.     The litigation and trial of Plaintiff's claims are manageable;

h.     Defendants have acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by mislabeling and selling "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea that does not actually contain the named ingredients, but does contain undisclosed contaminants and fillers, rendering just and appropriate final injunctive relief for the Class; and

i.     Because Plaintiff seeks injunctive relief and corresponding equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendants. Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action. As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability

to protect their respective interests. Consequently, class treatment is a superior method for adjudication of the issues in this case.

**Fraudulent Concealment**

33.     Throughout the Class period, Defendants knew and affirmatively concealed from Plaintiff and Class Members that, contrary to its labelling, the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea did not actually contain the named ingredients, but rather contained undisclosed contaminants, substitutes and fillers.

34.     Defendants had a duty to disclose to Plaintiff and Class Members the actual ingredients of the above-described Herbal Supplements. Notwithstanding their duty, Defendants never disclosed to Plaintiff and Class Members that "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Ginseng, Garlic, and Echinacea do not contain the named ingredients, but rather contained undisclosed contaminants, substitutes and fillers.

35.     Despite exercising reasonable diligence, Plaintiff and Class Members could not have discovered Defendants' affirmative concealment and mislabeling of the Herbal Supplements. Thus, running of the statute of limitations has been tolled with respect to any claims that Plaintiff or Class Members have brought or could have brought as a result of the uniform unlawful conduct described herein.

36.     Defendants are further estopped from asserting any statute of limitations defense to the claims alleged herein by virtue of their acts of fraudulent concealment.

**COUNT I - VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE
BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et. seq.***

37.     Plaintiff restates and realleges the allegations of paragraphs 1 through 36 as if fully stated herein.

38.     Plaintiff asserts this cause of action on behalf of himself and the Class.

39.     At all times relevant hereto, there was in full force and effect the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq*. ("**Act**")

40.     Section 2 of the Act provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2 (footnotes omitted).

41.     Plaintiff and Class Members are consumers within the meaning of the Act, given

that Defendants' business activities involve trade or commerce, are addressed to the market

generally, and implicate consumer protection concerns.

42.     Section 2 of the Act renders unlawful the "use or employment of any deception

[including the] concealment, suppression or omission of any material fact, with intent that others

rely upon the concealment, suppression or omission of such material fact ... in the conduct of any

trade or commerce…" Illinois case law holds that reliance on the deception is not an element of a

consumer fraud claim.

43.     By labeling the "Finest Nutrition" branded Herbal Supplements as "Ginkgo

Biloba," "St. John's Wort," "Ginseng," "Garlic," and "Echinacea," Defendants represented that

these products actually contained the named ingredients.

44.     As described above, these products do not actually contain the herbs listed on their labels, but instead, contains contaminants and fillers not disclosed on the product labels.

45.     In mislabeling the Product and failing to disclose that it does not contain Ginkgo Biloba, and does contain undisclosed contaminants and fillers, Defendants violated the Act.

46.     Consumers, such as Plaintiff and Class Members, were entitled to disclosure of the fact that Defendants' Herbal Supplements do not contain the herbs listed on their labels, but instead, contain undisclosed contaminants and fillers because: (a) the absence of the named ingredient and inclusion of undisclosed others is a material fact in a consumer's decision-making process; and (b) without Defendants' disclosure, consumer would not know that the products do not contain what is represented on their labels.   These facts were material to consumers' decisions whether to purchase Defendants' Herbal Supplements.

47.     Plaintiff and any other consumers acting reasonably in the same circumstances likely would be deceived and believe that Defendants' Herbal Supplements actually contained the herbs listed on the labels, and also believe that the products did not contain undisclosed contaminants and fillers.

48.     Defendants intended that Plaintiff and the Class would rely on the deception by purchasing the Herbal Supplements, unaware of the material facts and omissions described above. This conduct constitutes consumer fraud within the meaning of the Act.

49.     Plaintiff and Class Members have been damaged by Defendants' deception because they purchased the Herbal Products that did not contain the herbs listed on the labels, but did include undisclosed contaminants and fillers.

50.     Defendants' actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged above, *inter alia*, Defendant engaged in mislabeling, and

misrepresented and omitted material facts regarding their Herbal Supplements, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

51.     If Defendants had disclosed the above facts, Plaintiff and Class Members could have (and would have) avoided economic injury by making informed decisions not to purchase Defendant's Herbal Supplements.

52.     As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and Class Members have been damaged and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.   In addition, Plaintiff and the Class seek equitable relief and to enjoin Defendants on the terms that the Court considers reasonable, and also seek reasonable attorney fees.

53.     Plaintiff and the Class reserve the right to allege other violations of the Act to the extent that Defendants conduct may be ongoing.

## COUNT II - BREACH OF EXPRESS WARRANTY

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

55.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

56.     Defendants, as the marketers, sellers and distributors, expressly warranted that the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea products contained Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea.

57.     In fact, the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea were adulterated and, rather than including the actual herbs listed in the

ingredients, these products contained contaminants, substitutes and fillers not listed on the product labels.

58.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class Members have been injured because they would not have purchased the "Finest Nutrition" Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, Echinacea and Saw Palmetto products had they known they did not contain the ingredients listed on the product label.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

60.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

61.     Defendants, as the marketers, sellers and distributors, impliedly warranted that the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea were, in fact, Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea.

62.     Defendants breached the warranty implied in the contract for the sale of "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea because these products could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea are adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels. As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendants to be merchantable.

63.     Plaintiff and Class Members purchased "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea in reliance upon Defendants' skill and judgment, and the implied warranties of fitness for the purpose.

64.     "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea was not altered by Plaintiff or Class Members.

65.     "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea was defective when it left the exclusive control of Defendants.

66.     Defendants knew that their "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea would be purchased and used without additional testing by Plaintiff and Class Members.

67.     "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng and Echinacea were defectively designed and unfit for their intended purpose, and Plaintiff and Class Members did not receive the goods as warranted.

68.     As a direct and proximate cause of Defendants' breach of implied warranty, Plaintiff and Class Members have been injured because they would not have purchased the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea products had they known that they did not contain the ingredients listed on the product labels.

**COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR
A PARTICULAR PURPOSE**

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

70.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

71.     Defendants marketed, distributed and/or sold "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea with implied warranties that these

products were fit for their intended purposes and that they were, in fact, Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea. At the time that "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea were sold, Defendants knew or had reason to know that Plaintiff and Class Members were relying on Defendants' skill and judgment to select or furnish products that were suitable for sale.

72.     Plaintiff and Class Members purchased "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea in reliance upon Defendants' implied warranties.

73.     Defendants' "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea were not altered by Plaintiff or Class Members.

74.     As a direct and proximate cause of Defendants' breach of implied warranty, Plaintiff and Class Members have been injured because they would not have purchased the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea products had they known that they did not contain the ingredients listed on the product labels.

**COUNT V - VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT,
15 U.S.C. § 2301**

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

76.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

77.     Plaintiff makes this claim under state express warranty law, as allowed under Section 2301(d)(1)(B) of the Magnuson-Moss Warranty Act ("**MMWA**"). Plaintiff incorporates by reference each and every allegation in his second (Breach of Express Warranty), third (Breach of Implied Warranty of Merchantability) and fourth (Breach of Implied Warranty of Fitness for a Particular Purpose) Causes of Action as though fully set forth herein.

78.     "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea are "consumer products," as defined in 15 U.S.C. §2301(1).

79.     Plaintiff and Class Members are "consumers," as defined in 15 U.S.C. §2301(3).

80.     Defendants are "suppliers" and "warrantors," as defined in 15 U.S.C. §§ 2301(4) and (5).

81.     In connection with the sale of "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea, Defendants issued written warranties within the meaning of 15 U.S.C. §2301(6), which warranted that the Herbal Supplements were, in fact, Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.

82.     In fact, Defendants' "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea are adulterated products that consist of contaminants, substitutes and fillers, as alleged herein.

83.     Defendants' breach of the express warranty deprived Plaintiff and Class Members of the benefit of their bargain.

84.     By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiff and Class Members pursuant to the MMWA, thereby damaging Plaintiff and Class Members.

85.     Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because they would not have purchased the mislabeled Herbal Supplements had they known that the Supplements did not contain the herbs identified on their labels.

86.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and Class Members sustained damages and other losses in an amount to be determined at trial.

87.     Plaintiff and Class Members are entitled to revoke their acceptance of the "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea, to obtain damages and equitable relief, and to obtain attorney fees and costs under 15 U.S.C. § 2301.

## COUNT VI – NEGLIGENT MISREPRESENTATION

88.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

89.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

90.     As described herein, Defendants represented that their "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea were, in fact, Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.  However, Defendants failed to disclose that these products were actually adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels.  Defendants had a duty to disclose this information.

91.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made without knowledge of their truth or veracity.

92.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about its "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.

93.     Defendants' negligent misrepresentations and omissions, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.

94.     Plaintiff and Class Members would not have purchased "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea if they had known the true facts.

95.     The negligent actions of Defendants caused damage to Plaintiff and Class Members who are entitled to damages and other legal and equitable relief as a result.

**<u>COUNT VII - FRAUD</u>**

96.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

97.     Plaintiff brings this claim individually and on behalf of the Members of the Class.

98.     As described herein, Defendants provided Plaintiff and Class Members with false or misleading material information and failed to disclose material facts about its "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea, including but not limited to the fact that these products were actually adulterated products that do not contain the listed herbs and, instead, contain contaminants, substitutes and fillers not listed on the product labels.

99.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to purchase "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.

100.    The fraudulent actions of Defendants caused damage to Plaintiff and Class Members who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII - UNJUST ENRICHMENT

101.    Plaintiff restates and realleges the allegations of paragraphs 1 through 36 as if fully stated herein.

102.    Plaintiff asserts this cause of action on behalf of himself and the Class.

103.    Plaintiff and the Class have conferred a benefit upon Defendants by purchasing "Finest Nutrition" branded Ginkgo Biloba, St. John's Wort, Garlic, Ginseng, and Echinacea.

104.    By their deceptive, misleading and unlawful conduct alleged herein, Defendants have unjustly received and retained a benefit at the expense of Plaintiff and Class Members.

105.    Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and Class Members that it unjustly received as result of its deceptive, misleading and unlawful conduct alleged herein without providing compensation to Plaintiff and Class Members.

106.    Plaintiff and the Class have suffered financial loss as a direct result of Defendants' misconduct.

107.    Plaintiff and Class Members are entitled to restitution of, disgorgement of, or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendants, and for such other relief that this Court deems proper, as a result of their deceptive, misleading and unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendants:

A.     An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying the Class defined herein, appoint Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

B.     An award of compensatory damages against Defendants in favor of Plaintiff and the Class for damages sustained as a result of Defendants' wrongdoing;

C.     An award of restitution and disgorgement of Defendants' revenues to Plaintiff and the Class;

D.     An award of pre- and post-judgment interest;

E.     Injunctive relief prohibiting future violations of the law;

F.     An award of attorney fees and costs to Plaintiff's counsel; and

G.     An award of such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts triable by jury.


Dated: February 10, 2015              Respectfully submitted,

                                      **BAILEY & GLASSER, LLP**

                                      /s/ Elizabeth Hoskins Dow
                                      Elizabeth Hoskins Dow
                                      Patrick O. Muench
                                      Bailey & Glasser, LLP
                                      3601 McDonough Street
                                      Joliet, IL 60435
                                      Telephone:  (815) 730-8213
                                      Facsimile:   (304) 342-1110
                                      ldow@baileyglasser.com
                                      pmuench@baileyglasser.com

Michael L. Murphy*
Gregory Y. Porter*
Bailey & Glasser, LLP
910 17th Street NW, Suite 800
Washington, D.C. 20006
Telephone: (202) 463-2101
Facsimile:  (202) 463-2103
mmurphy@baileyglasser.com
gporter@baileyglasser.com

John A. Yanchunis*
Jonathan B. Cohen*
Rachel Soffin*
Marcio W. Valladares*
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
jcohen@forthepeople.com
rsoffin@forthepeople.com
mvalladares@forthepeople.com

*Pending pro hac vice admission*

*Attorneys for Plaintiff*